UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

FILED
2005 MAR -3 A 8: 21
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEPT. CLERK

| | |
|---|---|
| NGK METALS CORPORATION<br>Plaintiff<br>v.<br>NATIONAL UNION FIRE INSURANCE CO.<br>    OF PITTSBURGH, PA<br>and<br>AMERICAN HOME ASSURANCE COMPANY<br>Defendants | CIVIL ACTION<br><br>NO. 1:04-CV-0056<br>(Judge R. Allan Edgar) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S
MOTION TO FILE A REPLY IN SUPPORT OF
ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

**URELLO & ASSOCIATES**
Carlyle Urello (BPR # 15704)
6130 Lonas Drive
Knoxville, Tennessee 37909
tel. no. (865) 777-1711; fax no. (865) 777-1730
email: urello@tds.net
LOCAL COUNSEL for Plaintiff
NGK Metals Corporation

**KAUFMAN, COREN & RESS, P.C.**
Douglas Evan Ress, Esq.
1525 Locust Street, 17th Floor
Philadelphia, PA 19102
tel. no. (215) 735-8700; fax no. (215) 735-5170
email: dress@kcr-law.com
Attorneys for Plaintiff
NGK Metals Corporation
(Admitted Pro Hac Vice)

Plaintiff NGK Metals Corporation ("NGK") files this Response in opposition to the Motion of Defendant American Home Assurance Company ("American Home") for leave to file a Reply in support of its Cross-Motion for Summary Judgment.

The reason for this opposition is two-fold. First, the filing of such a Reply would violate the agreed-upon and Court Ordered schedule for the filing of summary judgment papers, and would be patently unfair to NGK. Second, such a Reply, in any event, lacks merit.

As to the first reason, under this Court's Scheduling Order, agreed to by all counsel at the pretrial conference, all sides were to file their summary judgment motion papers on the same day, with all parties then simultaneously filing a response to the other on a subsequent day. Despite this, American Home chose to ignore this Order and filed nothing on the last day for the filing of summary judgment motions. American Home instead laid in wait, saw NGK's papers, and then filed a combined Response and Counter-Motion for Summary Judgment. What this means is that as of the last date for the filing of summary judgment motions, there was no issue before this Court as to whether coverage for NGK should be denied under any criminal acts exclusion. Rather, American Home took for itself the luxury to fashion its arguments at its leisure, with the full benefit of NGK's own summary judgment papers in hand. To permit such a Reply under these circumstances would be patently unfair to NGK, and reward the party which chose to ignore this Court's scheduling Order (albeit through its previous counsel), and punish the party which adhered to and obeyed this Court's scheduling Order.

Moreover, in terms of unfairness, it would permit American Home to interject into the debate documentation (its proposed Exhibit B to its proposed Reply) which was neither identified by American Home in its mandatory initial pretrial disclosures, nor produced in discovery by American

1

Home, nor the subject of any further discovery by NGK before this action was placed on a track geared to decision by way of summary judgment. In its proposed Reply, American Home contends that NGK's argument that the criminal acts exclusion was deleted is "based on incomplete information". As a matter of fairness, the universe of information upon which the parties were to frame the summary judgment issues should have been exchanged long ago, and not show up for the first time now. And to add insult to injury, or rather, further injury to injury, the Court should be mindful that the criminal act exclusion which is the subject of American Home's proposed Reply was not even raised as a basis for American Home's denial of coverage in its letter of denial!

Second, and in any event, American Home is asking for permission to raise an issue which, on its face, is rather meritless. If American Home is correct that NGK has pointed out an error in the policy deleting the wrong exclusion, nonetheless, and as already briefed, any ambiguity in the policy itself must be resolved in favor of the insured, NGK, and against the carrier. Of course, NGK does not agree with American Home's characterization of the deletion of the criminal acts exclusion as being an "inadvertent error." If that were true, one should have expected that American Home would have disclaimed based on that exclusion – which it did not.

Moreover, the Reply should not be permitted as meritless for another reason. Even if the policies all contained criminal exclusions, American Home should have defended under a reservation of rights in the event it would be factually determined in the Underlying Action that a criminal act was committed by or at the direction of NGK (which will not be the case). The mere fact that some sort of allegation is made in the Underlying Action which American Home could argue will ultimately show that a criminal act was committed by or at the direction of NGK is of no moment, since it is just as possible that after conclusion of the Underlying Action, the opposite will

2

be the case. That is, the exclusion provides no basis for the denial of a defense, when it has not yet been (or ever) adjudicated that NGK itself engaged in criminal acts.

For all the foregoing reasons, NGK respectfully submits that American Home's Motion for leave to file a Reply in support of its Cross-Motion for Summary Judgment should be denied.

Respectfully submitted,

**URELLO & ASSOCIATES**
Carlyle Urello (BPR # 15704)
6130 Lonas Drive
Knoxville, Tennessee 37909
tel. no. (865) 777-1711; fax no. (865) 777-1730
email: urello@tds.net
LOCAL COUNSEL for Plaintiff
NGK Metals Corporation

**KAUFMAN, COREN & RESS, P.C.**

BY: Douglas Evan Ress, Esq.
1525 Locust Street, 17th Floor
Philadelphia, PA 19102
tel. no. (215) 735-8700; fax no. (215) 735-5170
email: dress@kcr-law.com
Attorneys for Plaintiff
NGK Metals Corporation
(Admitted Pro Hac Vice)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| NGK METALS CORPORATION<br>Plaintiff | : | CIVIL ACTION |
| v. | : | NO. 1:04-CV-0056 |
| NATIONAL UNION FIRE INSURANCE CO.<br>OF PITTSBURGH, PA<br>and<br>AMERICAN HOME ASSURANCE COMPANY<br>Defendants | : | (Judge R. Allan Edgar) |

### CERTIFICATE OF SERVICE

I, Douglas Evan Ress, being admitted on a pro hac vice basis to this Court in the above-captioned action, hereby certify that true and correct copies of the foregoing:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S MOTION TO FILE A REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

were served by federal express, on the below-noted date, on the following:

H. Frederick Humbracht, Jr., Esq.
Boult, Cummings, Conners & Berry, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
attorneys for Defendant American Home
Assurance Company

Richard H. Nicolaides, Jr., Esq.
Bates & Carey LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
attorneys for Defendant American
Home Assurance Company

Carlyle Urello, Esq.
Urello & Associates
6130 Lonas Drive
Knoxville, TN 37909
LOCAL COUNSEL for Plaintiff
NGK Metals Corporation

_____
Douglas Evan Ress

DATE: March 2, 2005